### LEONHARD HAIDT v. SWIFT & COMPANY.[1]

January 27, 1905.

Nos. 14,136—(183).

**Defective Appliances—Evidence.**

In an action for injuries sustained by an employee who was required to stand upon a ladder and clean a vat at a packing house operated by the defendant, while performing this duty and supporting himself by a brace for his support it broke, causing plaintiff's fall and injury. *Held,* that the evidence in the record reasonably tends to support the following conclusions:

1. That the plaintiff was himself in the exercise of ordinary care.

2. That the master failed to supply plaintiff with a reasonably safe brace for his support when standing on the ladder, whereby his fall was occasioned.

3. That the instructions of the court properly submitted the duty and care of each of the parties relatively.

4. That the defendant's requests were properly refused.

------

[1] Reported in 102 N. W. 388.

5. That the authenticated return of the settled "case," which was proposed by the defendant and properly certified by the trial judge as containing substantially all the material evidence in the case, must be treated as the basis of review in this court, and cannot be attacked directly on appeal by affidavits; following State v. Ronk, 91 Minn. 419.

Action in the district court for Dakota county to recover $2,000 for personal injuries. The case was tried before Crosby, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*O'Brien & Albrecht* and *Price Wickersham,* for appellant.
*Albert Schaller* and *Otto Kueffner,* for respondent.

LOVELY, J.
Action for personal injuries sustained by an employee of defendant corporation through its alleged negligence in failing to furnish suitable instrumentalities for the work. At the close of the testimony there was a request for a directed verdict by defendant upon the ground that the evidence did not establish the negligence of the master, as well as upon the further ground that the evidence tended to show plaintiff contributed to his own injury and assumed the risks of the service. This motion was denied. When the cause was submitted to the jury by the court, a verdict was returned for plaintiff. The defendant thereafter served upon plaintiff's counsel a "case" purporting to contain the evidence, to which amendments were offered by plaintiff's counsel. Thereupon the trial court certified that such "case," containing one hundred fifty one pages of typewritten matter, had been examined, and found conformable to the truth, and to contain substantially all the material evidence offered or introduced at the trial of the cause, as well as the charge of the court and defendant's requests, whereupon defendant's counsel filed affidavits tending to show that testimony was received that was not included in the settled "case," and then moved for judgment in favor of defendant notwithstanding the verdict, or for a new trial in the alternative, which was denied. From this order defendant appeals.

It appears from the evidence that plaintiff had been for more than three years prior to his alleged injury an employee of defendant; that it was his duty to clean out the manure box or offal vat in the

pressroom of defendant's packing house, and to remove therefrom accumulations of waste, fat, and scraps of animal flesh floating on the top of the water therein. The top of this box was at an elevation of about ten feet above the floor, and plaintiff, in performing his work, had to stand on a ladder made of rungs or cleats nailed to the box, and supported himself by holding to an arm or piece of timber which was fastened to the floor and thence attached to the corners of such box. Under the claims of the plaintiff the defendant negligently allowed the fastenings of this support to become unsafe, and in cleaning the offal box, while holding the same with his left hand, they broke and gave way, and he was precipitated to the floor and seriously injured.

An examination of the evidence in the settled "case" reasonably tends to support the claims of plaintiff, and we are also satisfied from the record that whether plaintiff exercised ordinary care, and whether upon his knowledge of the defects referred to, he assumed the risks of his employment, were also questions of fact, which were for the jury, and hence determined by the verdict.

The question which counsel regards as most serious and urges on this review with much force and earnestness affects the reliable accuracy of the settled "case," and arises from a remark made by the trial judge at the close of the evidence upon the request of defendant for a directed verdict, when the court said, after the argument for the directed verdict:

> From my want of knowledge as to what the plaintiff testified to because I am almost entirely without any knowledge upon that point, I shall let you go to the jury and discuss these questions.

It is now claimed that this statement of the court indicates clearly that the trial judge did not act advisedly in passing upon the alternative motion, and that defendant has been denied its constitutional right to a fair and impartial trial.

We cannot adopt the view that the "case" proposed by defendant as settled and certified by the court is not reliable by reason of the remark of the trial judge referred to. Without stopping to determine by what means the trial court reached the conclusion that the "case"

contained substantially all the material evidence, we are controlled by the necessary conclusion that it did so, and for the purposes of this review we cannot consider the ex parte affidavits tending to show that there was other testimony actually received, or which in any way affects the strict accuracy of the return of the judge who presided at the trial. The authenticated return of the trial judge furnishes the veracious and conclusive return upon which we must act in this respect (State v. Ronk, 91 Minn. 419, 98 N. W. 334), and we cannot, as stated in this case, enter into an investigation upon affidavits of the verity of the return in that respect. It follows that we should not deny to the plaintiff, against the order of the trial judge sustaining the verdict, the benefits to which he is entitled. As pointed out in State v. Ronk, supra, the course which defendant's counsel seeks to pursue is contrary to all rules of procedure upon practice in error, and counsel, by offering the proposed settled "case" and accepting the certificate of the judge, reserves no right to be heard to attack it in this court upon the ground that it is not reliable.

While there may be a method by which a complaining party dissatisfied with a return of the evidence can have the same corrected, it must be done by the presiding magistrate; hence the course proposed on this review is not to be sanctioned, or the plaintiff deprived of his rights in the verdict by a showing upon affidavits that the trial judge did not hear portions of the evidence. This is a question of procedure, rather than of plaintiff's rights under the organic law, and neither the rules of orderly practice nor the presumption due to the verdict or to the return which the defendant himself sanctioned will permit of such an innovation.

An examination of the entire charge shows that upon every issue involved the trial court properly instructed the jury both upon the question of the assumption of the risk by the plaintiff and his alleged contributory negligence. The requests asked by the defendant were properly refused, since all correct rules applicable to the issues therein were embraced in the general charge.

Order affirmed.