# STATE v. WILLIAM O'HAGAN.[1]

December 12, 1913.

Nos. 18,485—(2).

**Arson — evidence.**

1. The evidence examined and *held* sufficient to sustain a verdict of arson in the third degree.

**Charge to jury — duty of counsel.**

2. Where the offense is defined by statute and this definition is given to the jury, if defendant desires a more specific statement as to the elements necessary to constitute such offense, he should make a request therefor.

**Same — circumstantial evidence.**

3. The charge as to the prerequisites necessary to justify a conviction upon circumstantial evidence *held* sufficiently favorable to defendant.

**Evidence — failure to offer document.**

4. Defendant was asked if a certain statement had been made to him in a certain letter and answered, "yes." In the absence of any request to produce the letter and of any objection based upon its nonproduction, the omission to offer it in evidence was not error.

**Evidence of motive.**

5. The knowledge possessed by defendant as to the wishes and intentions of his relatives concerning matters of interest to himself may be shown as bearing upon his motives.

**Misconduct of county attorney.**

6. The propounding to him of questions involving improper assumptions and insinuations *held* to have been without substantial prejudice.

**Record on appeal.**

7. The verity of a properly-authenticated return cannot be attacked upon appeal.

William O'Hagan was indicted by the grand jury, tried in the district court for Wright county before Giddings, J., and a jury, and convicted of the crime of arson in the third degree. From an

1 Reported in 144 N. W. 410.

order denying his motion for a new trial, defendant appealed. Affirmed.

*Latham & Pidgeon* and *Henry Spindler,* for appellant.

*Lyndon A. Smith,* Attorney General and *Stephen A. Johnson,* County Attorney, for respondent.

TAYLOR, C.

Defendant was convicted of the crime of arson in the third degree and appealed from an order denying a new trial.

In June, 1912, defendant rented the first floor of a two-story frame building in the village of Delano, in Wright county, and was operating a pool room therein at the time of the fire, which was discovered about three o'clock a. m. on August 9, 1912. The remainder of the building not rented by him was vacant and he was the only occupant.

Elaborate preparations to burn the building had been made by some one. From a barrel of paper and other rubbish in the basement strips of paper, with oakum and tape in places, had been strung about the basement, up the stairway from the basement to the first floor, about the first floor, up the stairway from the first to the second floor, about the second floor, and from the second floor into the attic. Portions of the first floor and some of the rubbish therein had been saturated with kerosene. The fire was started in the barrel of paper and rubbish in the basement, but was discovered and extinguished before the barrel and its contents were entirely consumed, and without damage to the building other than the charring of the floor joists above the barrel.

Four of the assignments of error are based upon the charge to the jury.

It is urged that the court omitted to state that to constitute arson some portion of the building must actually be ignited, and for that reason that the crime was not sufficiently defined. The case was tried by both the state and the defendant upon the theory that the building had been set on fire by some one, and no claim was made to the contrary. The court gave the definition of the offense as contained in the statute, and further stated that it was not necessary

that the building be consumed, that it was sufficient if the jury were satisfied beyond a reasonable doubt that the defendant did wilfully "set that building on fire." No request was made for any further or more definite instruction, although the court invited suggestions, and no exception was taken to the instruction as given. If defendant desired a more specific statement as to the character of the burning necessary to constitute arson he should have made a request therefor.

In stating the rule in respect to circumstantial evidence the court said: "The circumstances proven must be such as to exclude any other conclusion, and to permit of no other hypothesis than that of the truth of the charge laid in the indictment, and in this case, before you can convict the defendant of this charge, the evidence, the circumstances proven, must be such as to exclude any other reasonable conclusion than that of the guilt of the defendant." And later again stated that "the state must satisfy you beyond a reasonable doubt, to a moral certainty and to the exclusion of any other supposition, that the defendant and no one else committed the crime charged in the indictment." We think the charge was sufficiently favorable to defendant and that he has no ground for complaint.

The court, after reciting the claims of the state and of the defendant, fairly and clearly stated and submitted the issues to the jury, and we think that no substantial prejudice resulted to defendant from the recital of what was claimed by the state, even if those claims were somewhat broader than the proof warranted.

After defendant had admitted on cross-examination that he had received a letter a few days before the fire from a sister then in Minneapolis, he was asked by the state: "Didn't your sister in that letter say to you as follows: 'You had better come down here and get a pool room and I will keep house for you ?' " An objection that the question was incompetent, irrelevant, immaterial and not proper cross-examination was overruled, and he answered: "Yes." He was also asked if he did not receive a letter from another sister about July 15 in which she had said: "I guess papa is going to get a pool room in Minneapolis. Young Levi Van Urden is running it?" to which the same objection was made and overruled, and he answered:

"Yes." At a later part of the trial, these same questions together with others were again asked and answered without objection.

Defendant urges that it was error to permit the state to inquire concerning the contents of these letters without producing or offering in evidence the letters themselves. Aside from the fact that the same evidence was subsequently admitted without any objection, no such objection was made at any time. The fact sought to be elicited was that defendant had received certain information as to the wish of his sister and the intention of his father. He admitted that he had, and the manner in which he received it is not important. There was no request to produce the letters and they were not material.

Defendant also urges that it was error to admit these communications in evidence without showing that he induced the making of them or assented to the suggestions made. What he knew as to the desires of his sister and as to what his father had in contemplation, while not of much probative value, had some bearing on the question of motive. Its weight was for the jury. State v. Lentz, 45 Minn. 177, 47 N. W. 720.

Defendant complains of the conduct of the county attorney in asking him questions which contained improper assumptions and insinuations. It is true that certain questions propounded did involve improper assumptions and insinuations and should not have been permitted. No objection was made upon this ground, however, and no objection whatever was made to the most obnoxious of the questions of which he now complains. While these questions should have been excluded had the objection now urged been made to them, yet it was not made, and as defendant promptly denied any knowledge of the matters assumed, we think no substantial prejudice resulted.

Defendant asserts that the settled case as approved by the trial court does not correctly state the answer given by a witness to a question propounded to him at the trial. The controversy as to the wording of this answer was presented to and determined by the trial court, and the record as certified to this court is conclusive upon this appeal. The rule is stated in the syllabus to State v. Ronk, 91 Minn.

419, 98 N. W. 334, as follows: "The authenticated return of a cause by the trial judge cannot be questioned in this court on appeal, but we are required to accept such return as a verity. The only method of correcting mistakes in the bill of exceptions or settled case certified here by the proper authority is in a direct proceeding by mandamus to secure a further return." See also Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366; Haidt v. Swift & Co. 94 Minn. 146, 102 N. W. 388.

Defendant vigorously contends that the evidence was not sufficient to justify the verdict. We have carefully examined the entire record but will not attempt to recapitulate the evidence. It was wholly circumstantial. As to motive, it was not strong. While defendant had his property insured, the amount of the insurance does not appear to have been excessive, and, apparently, he had no debts and possessed some ready money. He was a stranger in the town, his business had probably not been very lucrative, and his family ties were elsewhere. When the fire was discovered all entrances to the building were closed, and either locked, or fastened upon the inside. It is a fair inference from the evidence that he alone had access to the interior of the building, and that there had been no opportunity for any one else to lay the fire-train. It appears without dispute that he had purchased a can of kerosene oil on the day preceding the fire, and that when the firemen entered the building they found this can empty and portions of the floor along the walls and portions of the fire-train saturated with kerosene. Defendant's conduct in several respects was such as to excite suspicion. We will refer only to one instance. When he arrived at the fire he made no attempt to enter the building or to open it so that the firemen could do so. When asked for the key, he said he did not have it and must have lost it. Others broke open the door. Under the evidence, whether defendant was guilty or not guilty was a question for the jury. The issues in the case were submitted to them clearly and impartially, and we find nothing which will warrant this court in setting aside their verdict.

Order affirmed.