## IDA EBELING v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.[1]

May 22, 1914.

Nos. 18,700—(92).

**Assignments of error.**

Certain assignments of error to the charge of the court in an action

1 Reported in 147 N. W. 441.

for personal injuries, considered and *held* without merit, especially in the absence of objection or exception thereto at the trial.

Action in the district court for Jackson county to recover $2,000 for personal injury caused by negligent driving of defendant's motor vehicle. The case was tried before Quinn, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Knox & Faber* and *Senneff, Bliss & Witwer*, for appellant.

*Dunn & Carlson* and *E. H. Nicholas*, for respondent.

PHILIP E. BROWN, J.

Plaintiff had a verdict in an action to recover damages for personal injuries. Defendant appealed from an order denying its alternative motion for judgment or a new trial.

The action is predicated upon defendant's alleged failure to comply with G. S. 1913, § 2632, subd. 2, providing that persons driving motor vehicles shall, on signal by raising the hand from a person driving horses, bring such vehicle immediately to a stop, and, if traveling in the opposite direction, remain stationary so long as may be reasonable to allow the horses to pass, etc.

Defendant's liability for the acts of the person driving the motor vehicle in the present case is conceded, and the amount of the verdict is unquestioned, nor is the sufficiency of the evidence to sustain the same challenged. The errors relied upon for reversal relate to the charge. Plaintiff's proofs were to the effect that her husband, with whom she was riding in a buggy, signalled the driver of the motor vehicle to stop when the latter was some 35 rods away, while defendant claimed that no signal was given until the team was within 10 rods. The court, in stating the claims of the parties to the jury, said, among other things:

"Nor does the defendant deny but what he saw the husband of the plaintiff signal to him as contended for by the plaintiff."

Defendant contends its evidence was thus disregarded and the province of the jury invaded. It is clear, however, when this isolated

portion of the charge is taken in connection with the court's observations made immediately thereafter, that the idea intended to be and actually conveyed to the jury related to the motor driver's seeing the signal, without reference to intervening distance. On this ground alone the alleged error is without merit, and it is also unavailing for reasons to be stated later.

The court further, when outlining the controverted questions involved, charged:

"If Valentine (the driver of the motor vehicle) was negligent in driving that auto truck wagon at the time in question, *which contributed to the injury of the plaintiff* * * * defendant * * * would be liable."

And further:

"The real question or controversy here is whether or not the defendant corporation *contributed to her (plaintiff's) injury* through any careless or negligent act of its agent, Valentine."

The portions of the charge italicized are assigned as error. Both are incorrect. Defendant's liability depended not upon the question as stated, but upon its driver's negligence being the proximate cause of the injury. La Londe v. Peake, 82 Minn. 124, 84 N. W. 726; 2 Dunnell, Minn. Digest §§ 6999, 7000. But no reversible error resulted, for later the court correctly advised the jury of the concrete facts necessary for plaintiff to establish in order to charge defendant with liability for its alleged negligence, and also, at defendant's request, expressly told the jury that the driver's negligence must have been the proximate cause of plaintiff's injury before a recovery could be had.

Error is also assigned because the court, in speaking of Valentine's testimony, said that if it were true it would have a "tendency to show" what he testified to; the criticism being that the court should have stated that, if the jury believed his testimony, it would establish the facts covered thereby. But neither this assignment, nor any others urged, is supported by objection or exception taken at the trial. Hence, the following from 3 Dunnell, Minn. Dig. § 9798, fairly epitomizing the holdings of this court in the cases cited thereto, but which is frequently overlooked by attorneys presenting

causes in this court, is conclusive against all of defendant's contentions:

"When a charge as a whole is substantially correct, but in some particulars is indefinite, or incomplete, or ambiguous, or verbally inaccurate, or contains obviously unintentional misstatements or general statements that need qualification—in other words, when a charge contains defects obviously due to inadvertence and which it is fair to assume the court would correct if its attention were called to them—it is the duty of counsel to call the attention of the court to the defects on the trial, in a timely and proper manner, and to request a correction. If he fails to do so he cannot raise the objection on a motion for a new trial or on appeal. This rule is unaffected by Laws 1901, c. 113, relieving from the necessity of taking exceptions. * * * Where a charge is otherwise clear and distinct on the issues, language susceptible of a construction in conflict therewith must be called to the attention of the court by counsel if he deems it misleading."

Order affirmed.