# AMELIA SKAR v. JESSIE D. McKENNEY AND ANOTHER.[1]

December 15, 1916.

Nos. 19,864—(44).

**Negligence of dentist — admission and exclusion of evidence.**

Action for negligence in doing dental work for plaintiff. What treatment was given, whether the treatment was proper, whether plaintiff's suffering was due to her own wilful insistence or whether it resulted from negligent lack of skill or due care on the part of defendants, were questions for the jury. Evidence would have supported a verdict either way. *Held:*

(1) The charge properly confined the recovery of damages to pain and suffering caused by defendants' negligence.

(2) Where the admission of evidence is discretionary with the court, an exception to the ruling is not well taken.

(3) Where a witness had declined to testify as to what was the proper treatment for pyorrhea, it was not error to exclude testimony of an adverse witness as to what was the proper treatment for that disease.

(4) After a case had been settled, allowed and certified to the supreme court, it was not error to deny a motion made on affidavits to add to it certain testimony which did not appear in the minutes of the official stenographer. [Reporter.]

Action in the district court for Hennepin county against the partners doing business as McKenney Dental Company, George E. Budd and Thomas Ryan to recover $5,000 for negligence in the treatment of plaintiff's teeth. The case was tried before Fish, J., and a jury which returned a verdict for $400. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Edwin S. Thompson*, for appellants.
*Mathias Baldwin*, for respondent.

PER CURIAM.

Plaintiff had a verdict. Defendants moved for a new trial and appeal from the order denying their motion.

This action was brought for negligence of defendant dentists in the performance of certain professional services for plaintiff. The evidence of the expert witnesses was in some respects sharply conflicting, as was the evi-

[1]Reported in 160 N. W. 247.

dence as to what occurred between the parties themselves. The issues were, what occurred between the parties, what treatment was given, whether the treatment was proper and whether plaintiff's pain, suffering and annoyance were such only as necessarily result when dentists having the proper qualifications perform similar operations, using due skill and care therein, or whether such pain and suffering were the result of plaintiff's own wilful insistence on having her own way, or whether they resulted from the negligent lack of skill or lack of due care by the defendants. These questions were for the jury. There was evidence sufficient to sustain a verdict either way. The verdict, having been approved by the trial court, will not be disturbed.

There was no prejudicial error in the refusal of the trial court to grant certain requested instructions. They were given to the jury in substance in the general charge. The instruction on contributory negligence was properly refused because the defendants insisted that there was no infection requiring treatment. Plaintiff was justified, under the circumstances, in going elsewhere for treatment.

The court did not in its charge call attention to the $81 payment, nor was it submitted as an element of damages. The only evidence relating to the payment was brought out by defendants in cross-examination of the plaintiff. The charge properly ignored the matter, and confined the recovery to damages for pain and suffering caused by defendants' negligence, which is proper and right.

The court sufficiently instructed the jury to disregard Exhibit A, an advertisement, which had been admitted in evidence without objection. The exceptions to certain rulings on the admission of testimony are not well taken, the matter being discretionary with the trial court. The witness Lillehei had practically declined to testify as an expert as to the treatment for pyorrhea, and, after giving certain data, stated that he sent his patients suffering from that condition to specialists for treatment. In such case an adverse witness having testified that the treatment outlined by Lillehei was proper so far as it went, it was not error to exclude evidence from such witness as to what further treatment was proper.

After the case had been settled, allowed and certified by the trial court, a motion was made on affidavits, to add to it certain testimony which did not appear in the minutes of the official stenographer. The court refused to insert the proposed testimony. We cannot say that this was error. Haidt v. Swift & Co. 94 Minn. 146, 102 N. W. 388. There was no such misconduct of counsel as would justify us in reversing the order of the trial judge who has declined to grant a new trial and who was cognizant of what took place on the trial.

Order affirmed.