## AMANDA SODERBERG v. PERRY E. CROSIER.[1]

### November 7, 1924.

### No. 24,049.

**Immaterial errors in charge to jury may not be assigned as error.**

> The complaint in a personal injury case charged negligence in two particulars and a violation of a municipal ordinance. Plaintiff took no exceptions to the instructions to the jury and made no request for additional instructions, but, in the notice of motion for a new trial, assigned as error the alleged failure to submit clearly the two charges of negligence. There was no fundamental error in the instructions, hence the rule stated in Sassen v. Haegle, 125 Minn. 441, is applicable.

Action in the district court for Hennepin county. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendant. From the judgment, plaintiff appealed. Affirmed.

Thomas D. Schall and John M. Rees, for appellant.

Herbert T. Park, for respondent.

LEES, C.

Action for damages for personal injuries alleged to have been inflicted when the defendant backed his automobile against the plaintiff as she was about to cross a street in the city of Minneapolis. She charged the defendant with negligence in the following particulars: (1) In failing to give notice of the backward movement

[1]Reported in 200 N. W. 629.

of the automobile; (2) in moving it suddenly when she was close to it. She also charged defendant with a violation of an ordinance of the city of Minneapolis prohibiting the parking of automobiles within 30 feet of the intersection of two streets. The case was tried by jury and resulted in a verdict in defendant's favor. Plaintiff moved for a new trial and has appealed from the judgment entered after her motion was denied.

Her sole contention is that the court erred in instructing the jury. More specifically, she contends that the only issue submitted to the jury was whether defendant was liable because he parked his car within 30 feet of the street intersection where plaintiff was injured and that, although supported by ample evidence, the other grounds of liability alleged were practically withdrawn from the jury.

In part, the instructions were thus worded:

"She claims that while stepping off the curb at the crossing that the defendant negligently backed his automobile against her. She claims that this was with some violence and that she received injuries from this collision. She claims that she was caused to fall very suddenly to the pavement. * * *

"The action is based on negligence. (Here follows a definition of negligence). The complaint alleges among other things the existence of an ordinance. * * * The provision is that no vehicle shall stand within the intersection of any streets in the congested district, or within thirty feet from an intersecting roadway.

"It is claimed * * * that the defendant did park his car within thirty feet of an intersection * * * That is one of the circumstances in the case which you are to take into consideration and, if from the evidence you find that the car was parked within thirty feet from the intersection, that in itself would be negligence, and if that negligence caused the injury to the plaintiff, then the defendant is liable. You are to take into consideration in this case all of the evidence and all of the circumstances which the evidence clearly reveals. * * *

"If, from all of the evidence * * * , you feel that the plaintiff has established the burden of proof here and shown that her

injury resulted from the negligence of the defendant, then it is your duty to determine * * * what the actual nature and extent of her injury was."

Plaintiff took no exceptions to the instructions when given and did not request the court to give any others, or call to the court's attention any omission in those given. The alleged error is first mentioned in the notice of motion for a new trial. The most that can be said is that the court made no specific mention of the first and second charges of negligence. If plaintiff wished to have them brought more definitely to the jury's attention, she should have requested the court to give the particular instruction she desired. Her failure to make such a request precludes her from now urging, as she does, that all of the issues were not submitted in a clear, precise and intelligible form so as to leave no room for misapprehension on the part of the jury with respect to the questions they were to determine. The applicable rule is tersely stated in Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445, 52 L. R. A. (N. S.) 1176. An instruction relating to a material issue, if fundamentally wrong, is ground for a new trial and may be assigned as error on a motion for a new trial, although no exception to it was taken at the time of the trial, but a failure to instruct on every possible hypothesis, or inadequate treatment of some phase of the controversy, must be called to the court's attention before the jury retires in order that there may be an opportunity to correct the inadvertence.

Judgment affirmed.