P. R. HERBERG v. E. J. FELDMAN AND ANOTHER.[1]

July 9, 1926.

No. 25,460.

**Charge to jury correct and grant of new trial reversed.**
  Where the trial court grants a new trial solely upon an alleged error in the charge to the jury and the charge given is proper and without error, the order granting a new trial reversed.

Appeal and Error, 4 C. J. p. 833 n. 53.

Action in the district court for Lyon county. The case was tried before Gislason, J., and a jury which returned a verdict in favor of plaintiff. Defendants made a motion in the alternative for judgment notwithstanding or a new trial. The court denied the motion for judgment, but granted the motion for a new trial. The plain-

[1]Reported in 210 N. W. 44.

tiff appealed from the order granting the defendants a new trial. Reversed.

*Charles L. De Reu* and *Murphy & Johanson*, for appellant.

*Hall & Gislason* and *Charles Dealy*, for respondents.

QUINN, J.

Plaintiff appeals from an order of the district court of Lyon county granting defendants' motion for a new trial.

In November, 1923, two actions were pending in the district court of Lyon county in which the litigants herein and one Thomas C. Reynolds were interested parties. On the ninth day of that month, the interested parties entered into a written contract in which it was stipulated that the notes involved in such actions should be canceled and surrendered and the actions dismissed. In consideration thereof, the defendants herein, their wives joining, executed to plaintiff and Reynolds a mortgage covering 320 acres of land in Pipestone county subject to a first mortgage of $34,800 to secure the payment of $4,500 to be evidenced by two notes; one for $1,500 payable to the order of Thomas C. Reynolds; the other for $3,000 payable to the order of P. R. Herberg. In accordance with such agreement, the two actions were dismissed. Paragraph 2 of the agreement is as follows:

"Defendants shall cause to be executed by themselves and their wives, a mortgage in the amount of $4,500.00, dated December 1, 1923, due March 1, 1926, with interest at the rate of 5% per annum. The note secured by this mortgage shall be in two notes divided as follows: one for the sum of $1,500.00 payable to Thomas C. Reynolds and one in the amount of $3,000.00 payable to P. R. Herberg, said mortgage to be secured upon the East one-half (E½) of 16-107-45, Pipestone County, Minnesota, this mortgage is subject however to the first mortgage now of record."

In submitting the case the trial court instructed the jury among other things as follows:

"The agreement, Exhibit 1, refers to the giving of a note for $3,000.00, payable to the plaintiff and to be secured by this mort-

gage in question, so under that agreement the plaintiff was entitled to receive a promissory note for said amount. A 'note' is defined to mean a negotiable promissory note  *  *  *  as provided by said agreement, Exhibit 1."

The trial court granted a new trial solely upon the ground that it erred in giving the above instruction. We are unable to find any trouble with the instruction as given. The stipulation provides that the plaintiff was to receive a note for the amount to be paid, the same to be secured by the mortgage. By the terms of the note described in the mortgage, the maker thereof was exempt from all liability thereon. The present action is not upon that note but upon the contract. If the contract means anything, it means that the defendants were to execute to the plaintiff a promissory note for the sum of $3,000 to be secured by a second mortgage upon the land referred to. We find nothing in the instruction complained of inconsistent with this theory of the transaction. The instruction could in no way prejudice defendants and the motion for a new trial should have been denied.

Defendants agreed by the terms of the contract sued upon to pay plaintiff $3,000 in settlement of the litigation mentioned. To evidence the fact they were to execute a note secured by a second mortgage on the land referred to. It is unthinkable that such note was to be a writing which obligated the makers thereof to do nothing. We think the instruction as given was proper. It was in perfect keeping with the intent of the parties as expressed in the agreement. Defendants' rights could not be prejudiced thereby.

Reversed.