HEIMS, Respondent, vs. BLUHM, imp., Appellant. [Six separate actions tried together.]

*November 4, 1929—January 7, 1930.*

322

For the appellant there was a brief by *Lines, Spooner &* *Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondents there was a brief by *Rubin & Zabel,* attorneys, and *W. C. Zabel,* of counsel, all of Milwaukee, and oral argument by *W. C. Zabel.*

FOWLER, J. The defendant claims that the court erroneously denied his motion for a directed verdict because his speed was not a negligent rate and because neither that nor his loss of control of the car was a proximate cause of the accident. His counsel argue that as the statute in force at the time involved made any rate under forty miles an hour presumptively lawful just outside the city limits on the road connecting with the city street, traveling under that rate within but near the city limits cannot reasonably be held to be unlawful. This doubtless seems so to counsel, but it seemed otherwise to the jury. Any rate is unlawful regardless of the forty-mile limit if it is greater than is reasonable and proper under the circumstances present, and the presumptively lawful rate in residence districts of cities was twenty miles instead of forty. The skid marks and the squeaking brakes might properly indicate to the jury that the defendant was driving much faster than the speed estimated by the witnesses. The presence of the other car which the jury might infer came down a side street bears upon the speed properly maintainable without reasonable anticipation of injury. Speed, skidding, and a sudden sharp turn of an automobile make a dangerous combination. It is impossible to evaluate the effect of any one of them alone, or to determine the degree to which speed alone entered into causation. If excessive speed acting together with the others constituted a proximate cause it is such a cause. The suggestion that loss of control of the car was not a proximate cause or a want of ordinary care is grounded on the idea that the tire coming off the rim caused the loss of control, while the jury might properly infer that the loss of control caused the tire to come off. We are of opinion that both care and proximate causation were jury questions.

Counsel raise a closer question in the contention that defendant was not negligent upon plaintiff's theory that the accident was caused by the defendant's reaching for his hat,

which he likens to the involuntary action of the driver when a bee lit on his arm as in *Grandhagen v. Grandhagen*, 199 Wis. 315, 225 N. W. 935, and to the action of the driver in the emergency of dogs running in front of the car as in *Olson v. Hermansen*, 196 Wis. 614, 220 N. W. 203, and under the rule of *Cleary v. Eckart*, 191 Wis. 114, 210 N. W. 267, that to constitute liability of host to guest there must be proof of "reckless driving, inattention, and the like." But here there was something more than involuntary action in the defendant's letting go the steering wheel and turning around and reaching for his hat. This was a voluntary action. At best it constituted inattention and at worst it constituted reckless driving. And when he turned around no emergency existed. The loss of control resulted from this same act and the failure to keep control may therefore be considered as a want of ordinary care. The defendant was not an inexperienced driver as was the driver in the *Cleary Case, supra,* and there is no evidence of a flat tire as there. Flat tires do not make skid marks such as witnesses described, according to their testimony. We consider the case is clearly distinguished from the cases cited. Nor do we have the case of a blow-out of the front tire as in *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736, also relied on by defendant. Here the figure the tire cut in the tragedy may reasonably be attributed to defendant's acts causing it to come off, while in the *Klein Case* the blow-out occurred without any cause attributable to the driver and without any intimation to him that it was likely to occur.

Error is claimed because the court in its instructions did not instruct that the degree of care due from a host to his guest is less than that due to other users of the street, as held in *Sommerfield v. Flury,* 198 Wis. 163, 223 N. W. 408, and *Grandhagen v. Grandhagen, supra.* But we have recently held that as far as lookout and attention are concerned, as distinguished from inexperience or lack of skill

326

possessed by the driver, the host owes the same degree of care to his guest as he does to others. "There are certain duties imposed upon the drivers of automobiles, the abilities to perform which do not depend upon experience or acquired skill. Among these is the duty to maintain a reasonable speed, obey the law of the road, keep a proper lookout, etc. There are duties which are required to be observed for the safety of every one,—those within as well as those without the automobile,—and failure to perform them may result in liability in the absence of acquiescence or contributory negligence on the part of the guest." *Poneitowcki v. Harres, post,* p. 504, 228 N. W. 126. While failure to point out this distinction was stated to be error in the *Grandhagen Case, supra,* this was not held to be reversible error under all circumstances or even under the circumstances of that case. The ground of reversal there was the instruction "that it is the duty of every driver of a motor car upon the highway to keep his automobile at all times under control, and if he fails to do so he is guilty of want of ordinary care."

We perceive no prejudicial error in the trial of the case.

*By the Court.*—The judgments are affirmed. Only one bill of costs allowed.