### LEAH KASSMIR v. JOSEPH ORECKOVSKY.[1]

January 16, 1931.

Nos. 28,036, 28,037.

Abbott, MacPherran, Dancer, Gilbert & Doan, for appellant.
Lewis, Hunt & Palmer, for respondent.

WILSON, C. J.

The appeals are from orders granting the plaintiff new trials upon the exclusive ground of errors of law occurring at the trial.

Leah Kassmir, a widow, and her minor daughter, Muriel, six

[1] Reported in 234 N. W. 473.

years of age, were riding in an automobile with defendant and his wife as their guests. Near Phillips, Wisconsin, the left rear tire blew out. The car went into the ditch. Mrs. Kassmir and Muriel were injured. These actions followed. The claim is that defendant was negligent in driving too fast and in knowingly using an old, worn-out, defective, and unsafe tire without disclosing the existence thereof to the guests. The jury returned verdicts for defendant. The trial court concluded that he had made errors in submitting instructions Nos. 9 and 5 and granted new trials. These instructions were as follows:

9. "With reference to the condition of the automobile and its equipment, it was the duty of the defendant to inform the plaintiffs of any defect known to him which might increase the danger to be reasonably anticipated from riding in an automobile, but in this connection if you find from a fair preponderance of the evidence that a person of ordinary prudence and caution would have considered the tire which blew out sufficiently safe to make the trip which the defendant was making at the time of the accident, and that the defendant so considered it, and if you further find from a fair preponderance of the evidence that the blowing out of the tire was the sole proximate cause of the accident, then your verdict should be for the defendant."

5. "If you find from a fair preponderance of the evidence that the speed at which the automobile was being operated at the time of the accident was one of the proximate causes of the accident, and if you further find from a fair preponderance of the evidence that the plaintiff, Leah Kassmir, knew, or in the exercise of reasonable care should have known, that such speed was a negligent one under all the facts and circumstances in evidence here, and had continued for such time as to afford the plaintiff, Leah Kassmir, an opportunity to protest against such speed, and she failed to make any such protest, then Leah Kassmir has no right to recover from the defendant, either for her own injuries and the expenses and damages resulting therefrom, or for the expenses which she has incurred in treating the injuries to her daughter."

Plaintiff's claim of negligence involved a defective tire, speed, condition of road, conduct and position of driver just before the accident, movement and location of car immediately after the blowout. We agree with the trial court that these elements should have been embraced in instruction No. 9.

We are here dealing with the Wisconsin law as pleaded in the answer. Perhaps the only difference between the Wisconsin law and our own law in reference to a guest's contributory negligence in cases of this character is that the Wisconsin court appears to require a higher degree of care on the part of the guest. Franklin v. M. St. P. & S. S. M. Ry. Co. 179 Minn. 480, 229 N. W. 797. The difference, if any, is not great. In principle they are the same. In Wisconsin, as in Minnesota, the question of the guest's contributory negligence is ordinarily for the jury. Sommerfield v. Flury, 198 Wis. 163, 223 N. W. 408; Krause v. Hall, 195 Wis. 565, 217 N. W. 290. So far as obeying the law of the road is concerned, a driver of an automobile in Wisconsin owes the same degree of care for the safety of his guest as for the safety of other persons. Poneitowcki v. Harres, 200 Wis. 504, 228 N. W. 126; Heims v. Bluhm, 200 Wis. 321, 228 N. W. 599. This rule does not however include inexperience or lack of the driver's skill; but the gratuitous guest may not idly sit by, observe clear and repeated violations of the speed laws, acquiescing therein, and then hold his host liable in damages. Harding v. Jesse, 189 Wis. 652, 207 N. W. 706.

We are of the opinion that under the Wisconsin law Mrs. Kassmir was not guilty of contributory negligence as a matter of law. It would seem to follow that instruction No. 5, which also ignored plaintiff's claims for negligence other than speed, was erroneous. Certainly there is nothing in the record to cause us to relax our liberal rule in sustaining a trial court in granting a new trial because of errors of law occurring at the trial. Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895.

Both orders are affirmed.