## CATHERINE C. NAYLOR v. DAN McDONALD.[1]

March 18, 1932.

No. 28,784.

[1]Reported in 241 N. W. 674.

*Ryan, Ryan & Ryan,* for appellant.

*F. J. McPartlin,* for respondent.

OLSEN, J.

Defendant appeals from an order of the trial court granting a new trial exclusively for errors of law occurring at the trial.

The action is one to recover damages for personal injuries caused by plaintiff's being struck by an automobile owned and driven by defendant. The issues presented were as to defendant's negligence and plaintiff's contributory negligence.

The court granted a new trial on the ground of errors in its charge, which, according to its memorandum, the court found were prejudicial to plaintiff. Plaintiff was struck and injured by defendant's automobile while she was walking across the street on or near the cross-walk at the intersection of two of the main streets of the city of Bemidji in this state. There is dispute as to whether plaintiff was on the cross-walk or a few feet to the side thereof. The accident happened around eight o'clock in the evening of February 18, 1930. The evening was dark and muggy, but the street intersection was in the business section of the town and was well lighted.

The court in the first part of its charge said:

"For instance, if you find from the evidence that this was an unavoidable accident, your verdict must be, would have to be for the defendant."

It is correct law that a defendant is not liable for an unavoidable accident. But, as suggested by the trial court in its memorandum, this accident could not have happened without negligence on the part of one or both of the parties. If stated merely as a rule of law that a person is not liable for what is unavoidable and happens without his negligence, the instruction, in view of other portions of the charge, might have been harmless. But unavoidable accident should not have been submitted to the jury as an issue in this case.

Then again the court charged that the burden rested upon plaintiff to satisfy the jury that she herself was not "contributorily negligent." This statement was contradicted by a later charge that the burden of proving contributory negligence rested upon the defendant. But the prior statement was not corrected or withdrawn, and the case went to the jury on contradictory statements of the law.

The court charged:

"If you find that the accident occurred at a point on the street outside of the cross-walk or intersection, it is the law that the plaintiff was bound to yield the right of way to the defendant. The defendant has the right to assume that any parties on the street outside of the cross-walk and intersection would observe the law and yield the right of way to him."

As already noted, there is dispute as to whether plaintiff was on the cross-walk or a few feet outside thereof. But defendant testified that he did not see the plaintiff until just as the car struck her. Plaintiff had been on the cross-walk and had proceeded considerably more than half way across the street when struck. Defendant had been approaching the cross-walk during that time. If he did not see her during that time, he would no more have seen her if she had been exactly on the cross-walk when struck. The accident, so far as defendant is concerned, would have happened just as surely

if plaintiff had been on the cross-walk, perhaps an instant sooner. We think there was no basis for an assumption by defendant that a person he did not see or know to be there would yield him the right of way. The statute does not prohibit pedestrians from being upon or crossing streets at places other than on cross-walks. But a pedestrian so upon the street must exercise due care and yield the right of way to automobiles lawfully approaching him on the street. That does not absolve the driver of such an automobile from the duty of exercising due care to prevent injury to persons on the street at all times and places. The driver of an automobile cannot justify running into or over a pedestrian on the street by merely showing that the accident occurred at a place where he had the right of way. The court should have more fully defined to the jury the relative rights and duties of the parties on a public street.

The court charged:

"If you find that an emergency had been created by the plaintiff, without negligence on the part of the defendant, and by reason thereof, the defendant, acting as a reasonably prudent man under the circumstances, was unable to avoid the collision, the plaintiff cannot recover."

We can readily see that if a pedestrian should suddenly walk or run into the street in front of an approaching automobile from behind a parked automobile or other obstruction, or suddenly walk out into the street in front of an approaching car even where there was no obstruction to the view, an emergency might be created so that the driver of the car, using all reasonable means to prevent it, might be unable to avoid a collision. But we find nothing in the evidence here showing any emergency so created or justifying the submission of that issue to the jury.

The issue of contributory negligence was somewhat emphasized. The court correctly defined "contributory negligence" as being the failure "to exercise the care that a person of ordinary prudence would have exercised under similar circumstances." It followed that definition with the statement:

"If the plaintiff could have discovered the danger causing the injury by the exercise of reasonable care, she was guilty of contributory negligence and cannot recover."

That statement omits the element of time. The rule, we apprehend, is that if, by the exercise of reasonable care she could have discovered the danger in time to avoid injury and failed to exercise such care, then she was negligent.

We agree with the trial court that there were errors in the charge.

■ Defendant urges that if there were errors in the charge they were mere inadvertences and that plaintiff cannot now complain thereof because no exceptions were taken thereto at the trial. The errors were assigned in the motion for a new trial. The trial court has considered and passed upon them, and we have for consideration the order of the trial court granting the motion. That court having heard the motion and granted a new trial, a matter largely within its discretion, on the ground that the errors were prejudicial, the fact that no exceptions were taken to the charge at the trial is not now important. Had the court denied the motion for a new trial, a different question would have been here presented. Hartikka v. D. G. Cutler Co. 117 Minn. 344, 135 N. W. 1005.

■ As said in Mingo v. Extrand, 180 Minn. 395, 399, 230 N. W. 895, 897:

"Whether errors in the charge were prejudicial and likely to or did mislead or influence the jury are questions which the trial court is in a better position to determine than is the appellate court. Where there is error in the charge and the trial court deems such error prejudicial and ground for a new trial, it should require a clear showing of error or abuse of discretion to warrant this court in reversing." A list of prior cases on the question is there given, to which may be added Kassmir v. Oreckovsky, 182 Minn. 324, 234 N. W. 473.

The case of Herberg v. Feldman, 168 Minn. 218, 210 N. W. 44, is cited by defendant. In that case the only alleged error for which

a new trial was granted by the trial court was an instruction as to plaintiff's rights under a contract, merely reciting that which the contract provided. Under the facts and contract, the instruction could in no sense be held either erroneous or prejudicial.

Cressy v. Republic Creosoting Co. 108 Minn. 349, 122 N. W. 484; State v. O'Hagan, 124 Minn. 58, 144 N. W. 410; Sassen v. Haegle, 125 Minn. 441, 147 N. W. 445, 52 L.R.A.(N.S.) 1176; Ebeling v. International Harv. Co. 125 Minn. 466, 147 N. W. 441; Soderberg v. Crosier, 160 Minn. 468, 200 N. W. 629, cited by defendant, are all cases where the motion for a new trial was denied by the trial court, or where the appeal was from the judgment after denial of a motion for a new trial.

The order appealed from is affirmed.

[1] Reported in 241 N. W. 673.