Strafford,
July 9, 1951. } No. 4027.

DOLORES LADUKE, *by her father and next friend v.* ARMAND LORD.

NELSON LADUKE *v.* SAME.

*Murchie & Cofran* and *Alfred Catalfo* (*Mr. Cofran* orally), for the plaintiffs.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the defendant.

KENISON, J.   The defendant requested and the Court granted the following instruction to the jury: "We have in law what is known as pure accidents; that is, accidents that occur without negligence or fault on the part of anyone.  If you find that the injury sustained by the plaintiff was due to or caused by an accident for which neither the plaintiff nor the defendant was responsible, your verdict must be for the defendant."   It is claimed that while the instruction may be a correct statement of the law, it is not applicable to this case which involved a common and typical accident under normal conditions of traffic and visibility between a plaintiff pedestrian and a defendant motor vehicle operator either in or near a street intersection.   There is authority to support this claim (*Naylor* v. *McDonald*, 185 Minn. 518; 10 Blashfield (*perm. ed.*) Cyc. of Automobile Law and Practice, Part 2, *p.* 382), although the question has never been squarely decided here.   *Richards* v. *Richards*, 86 N. H. 273, 275.   *Cf. Dube* v. *Bickford*, 92 N. H. 362, 364.   The Presiding Justice had previously instructed the jury on negligence, contributory negligence, the burden of proof and specifically charged them that the happening of an accident was not in and of itself evidence of negligence.   In view of these instructions it would not have been error for the Presiding Justice to have refused to give this particular instruction requested by the defendant.   *Moulton* v. *Langley*, 82 N. H. 555.

After a jury of laymen have been adequately charged on the issues of negligence, contributory negligence and the burden of proof for the accident that they are considering, it is doubtful that any good can be accomplished by plunging them into the semantics of pure accident, unavoidable accident and inevitable accident. While an instruction on pure accident has been thought necessary in

certain skidding cases (*Burns* v. *Cote,* 86 N. H. 167), there has been no disposition to extend the mandatory requirement of such an instruction generally in motor vehicle cases. There being no automatic tests to determine when such an instruction shall be given, it has been left to the discretion of the Presiding Justice. Previous sporadic attempts by this court to require that certain mandatory instructions be given in certain motor vehicle accidents were neither helpful nor successful. Thus, the mandatory instruction required by *McCarthy* v. *Souther,* 83 N. H. 29, that a pedestrian has nothing to control but his own locomotion, subsequently had to be qualified (*Bellemare* v. *Ford,* 94 N. H. 38, 41), and was finally overruled in *Dane* v. *MacGregor,* 94 N. H. 294, 298, 299. In the interest of avoiding confusion in the minds of the jury, it is believed that an instruction on pure accident should be given a restrictive application but ordinarily the discretionary action of the Presiding Justice will not be disturbed. Accordingly, the exception to the instruction in the present case is overruled.

The charge to the jury contained several verbatim requests of the defendant, each of which ended with the statement that the plaintiffs could not recover and that there should be verdicts for the defendant. Since these requests which were incorporated in the charge were not inconsistent with the charge as a whole and the plaintiffs took no specific exception to charging the jury in this manner, the exception is not properly before this court. *Cf. Slocinski* v. *Radwan,* 83 N. H. 501, 506. If the unintentional and necessary effect of granting these requests was to give undue prominence to the defendant's evidence and theory of the case, it should have been brought to the attention of the Trial Court at that time or at least when a motion to set aside the verdict was filed and denied.

The minor child Dolores was injured when the right front wheel of the defendant's automobile ran upon her right leg, as she knelt to tie her shoestring. She testified that she had crossed the traveled way with two other children, and was kneeling in a pathway beside the highway on the defendant's right as he was proceeding. While Dolores was crossing, the defendant's automobile was stopped to permit a passenger to alight. The defendant testified that he did not see Dolores or her companions at any time. The testimony of a passenger in the defendant's automobile was that Dolores was upon the traveled way when struck; that she knelt a short distance ahead of the parked vehicle, in a position where it could be found that the radiator prevented the defendant operator from seeing her.

On the other hand, it could be found that her position if on the traveled way was sufficiently distant from the parked vehicle so that the defendant should have seen her in season to take saving action.

The plaintiffs excepted to the denial of a request for instructions that there should be a verdict in their favor if the jury found that the defendant violated the following statute and that the violation was causal: "PEDESTRIANS. Upon approaching a pedestrian who is upon a traveled part of a highway and not upon a sidewalk, such vehicle shall be slowed down and timely signal shall be given." R. L., *c.* 119, *s.* 22.

In one view of the evidence the requirement of the statute that the vehicle should be "slowed down" could not apply. If, as could be found, Dolores was so close that the vehicle should never have been moved from its stationary position, the requirement of the statute with respect to speed could not apply. *Bellemare* v. *Ford,* 94 N. H. 38. On the other hand, if it were found that she was near the path on which she testified she knelt she would have been some thirty feet from where the defendant parked, and the statute might be found applicable in its entirety. Clearly there was evidence upon which the statutory requirement of a "timely signal" could be found applicable. *Bellemare* v. *Ford, supra,* 42. Appropriate instructions with reference to the statute should have been given. While the requested instructions would not be applicable in all possible views of the evidence, the request was sufficient to call to the attention of the Trial Justice the plaintiffs' claim of violation of the statute so that a proper instruction upon the subject should have been given. *Burke* v. *Railroad,* 82 N. H. 350.

The defendant relying upon *Bartis* v. *Warrington,* 91 N. H. 415, asserts that the plaintiffs may not complain of the error because upon their theory of the case Dolores was not upon the traveled way and the statute could not apply. In the case relied upon, the plaintiff claimed that the accident occurred upon a crosswalk at an intersection where traffic was controlled by lights; the defendant that it occurred forty to fifty feet northerly of the intersection. The court said: "It would be inconsistent with honesty and good faith for [the plaintiff] to recover on a finding of conduct wholly different from that which he claimed in his testimony." *Id.,* 418.

We do not consider the *Bartis* case controlling of this one. It involved a plaintiff of mature years who testified in a manner not open to a finding of mistake. The circumstances of the accident as he described them were in bold contrast to those which the de-

fendant's evidence tended to establish. The evidence in the case before us presents no such contrast. While Dolores testified positively that she was on the path when struck, she could not have been far from the traveled way. She admitted upon cross-examination that her shoe became untied as she crossed the highway, "as soon as [she] left the island," and that she stopped to tie it "as soon as [it] became untied." Whether in fact she was then on or off the traveled way was a question for the jury upon all the evidence. A finding that she was upon the traveled way would not establish conduct "wholly different" from what she claimed, nor would recovery upon that theory necessarily be "inconsistent with honesty and good faith" on her part. · Bartis v. Warrington, supra.

The rule of the Bartis case is closely allied to principles laid down in Harlow v. Leclair, 82 N. H. 506, cited in support. Those principles have been largely qualified by later decisions, particularly with respect to the testimony of minor children. See Cote v. Company, 86 N. H. 238, 240; Howe v. Company, 87 N. H. 122.

Moreover the issue of the defendant's due care, if the accident happened on the traveled way, was submitted to the jury in response to requests filed by the defendant. He may not now consistently assert that his liability should have been determined solely upon the hypothesis that Dolores was on the highway when struck. If in fact she was upon the traveled way, the plaintiffs were entitled to have the defendant's liability determined in accordance with applicable law.

*New trial.*

JOHNSTON, C. J., and BLANDIN, J., dissented: the others concurred.

BLANDIN, J., *dissenting:* The basic question of fact here was whether the plaintiff was in the road or on the path. It may fairly be said the case depended on the answer to this question and the parties knew it as the record shows. Again and again under both direct and adroit cross-examination the plaintiff stated in the plainest and most unequivocal words that she was off the road and on the path as shown by the following extracts from the record: "Q. You have told us several times including Mr. Burns where you were when you stopped to tie your shoestring. A. Yes. Q. Will you tell us were you on the road or off the road? A. I was off the road. Q. And were you on the path or off the path? A. I was on

the path. Q. Yes. And did you feel that that was a safe place for you to stop and tie your shoe? A. Yes. . . . Q. (By Mr. Cofran): But you didn't stop in the street to tie your shoestring? A. No. . . . Q. (By Mr. Cofran): All right, will you tell us again where did you stop to tie your shoe? . . . A. I stopped on the path. Q. (By Mr. Cofran): Yes. Are you sure of that? A. Yes." Again when in cross-examination counsel for the defendant asked a question which assumed the plaintiff was in the road, the plaintiff's counsel said: "Mr. Cofran: She already testified, she testified she was off the pavement. Mr. Burns: Oh I understand that. . . . Mr. Cofran: Well I submit that is a hypothetical situation which hasn't a basis for such a question. She testified she was off the road." Later he repeated this assertion: "Mr. Cofran: I pray your Honor's judgment. She hasn't said that. . She said she went across the street and she knelt down off the black surface and tied her shoe." Without further detailing this evidence sufficeth to say the record gives no indication that this plaintiff was in the least degree confused or uncertain as to where she was at the moment of the accident. Her testimony and the flat assertions of her counsel show her case was based on the proposition that she was not in the road but on the path. Had she given any impression of confusion or uncertainty it is fair to assume the Presiding Justice would have submitted the question as to her whereabouts to the jury, in effect as she requested and in accordance with our law. *Feuerstein* v. *Grady,* 86 N. H. 406, 409. Where testimony is plain, positive and no reasonable likelihood of mistake appears our courts have not hesitated to hold that a plaintiff of the same age as this one is bound even where the opportunity for error is greater than in the present case. *Katsikas* v. *Railway,* 90 N. H. 21, 25, 26.

It seems this is a situation where "It would be inconsistent with honesty and good faith for [her] to recover on a finding of conduct wholly different from that which [she] claimed in [her] testimony." *Bartis* v. *Warrington,* 91 N. H. 415, 418, and cases cited. It appears to me the majority decision paves the way for practices in the future contrary to the sound principles of this decision.