GERTRUDE BERNICK v. THOMAS S. McCLURE and Others.[1]

January 22, 1909.

Nos. 15,898—(157).

**Replevin—Findings Sustained by the Evidence.**
>    Replevin for certain cows, steers, and Angora goats. *Held*, that the
> findings of fact of the trial court to the effect that the plaintiff is entitled
> to recover the possession of the personal property are sustained by the
> evidence, and that there was no reversible error in the rulings of the
> court at the trial.

Action by the administratrix of Mary Plehan, deceased, in the district court for Stearns county against Thomas S. McClure, Charles 'A. Bernick and George R. Whitney, to recover possession of personal property or $1,000, the value thereof. The substance of the pleadings is stated in the opinion. The case was tried before Baxter, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants McClure and Whitney appealed. Affirmed.

*Stewart & Brower, F. W. Booth,* and *James R. Bennett, Jr.,* for appellants.

*J. D. Sullivan,* for respondent.

START, C. J.

This action was originally commenced by the plaintiff's intestate, Mary Plehan, for whom the plaintiff has been substituted, in the district court of the county of Stearns, to recover possession of two hundred Angora goats, fifteen cows, and four steers. The complaint alleged that the plaintiff, Mary Plehan, was the owner of the personal property, which was of the value of $1,000. The answer of the defendant Whitney admitted the possession of the property and its value, denied the other allegations of the complaint, and alleged that he was the owner of the property as the receiver of the property of the defendants McClure and Bernick; that the only claim of the plaintiff to the property was a chattel mortgage made to Mary Plehan by the de-

[1] Reported in 119 N. W. 247.

fendant Bernick to defraud his creditors, of which she had full notice; and, further, the property was then owned by McClure by virtue of a contract between him and Bernick, of which she also had full notice. The reply put in issue the new matter alleged in the answer.

The cause was tried by the court without a jury, and findings of fact were made in favor of the plaintiff, which were to the effect that the property described in the chattel mortgage was at the date of its execution owned by the mortgagor, the defendant Bernick, and that the mortgage was made in good faith to secure the sum of money therein named, which sum was actually loaned to the mortgagor by the mortgagee, and without any notice on her part of any claim of the defendant McClure to the property. As a conclusion of law judgment was ordered for the plaintiff.

The defendants McClure and Whitney appealed from an order denying their motion for a new trial. The assignments of error raise two questions: (a) Did the trial court err in its rulings upon matters of evidence? (b) Are the findings of fact upon the question of ownership of the property and the bona fides of the mortgage sustained by the evidence?

1. The defendant Bernick did not answer. He was, however, properly made a party to the action, as he was the mortgagor and the property was in his physical possession when the action was commenced. The plaintiff called the defendant for cross-examination under the statute (R. L. 1905, § 4662), and so examined him, to which the defendant Whitney objected, for the reason that defendant Bernick was in default. The court overruled the objection, and the ruling is assigned as error, and in support thereof the case of Suter v. Page, 64 Minn. 444, 67 N. W. 67 is cited. That case was one where the plaintiff called a defaulting defendant, and claimed the legal right to examine him as if under cross-examination by virtue of the statute, and the defendant who had answered objected, and the objection was sustained. On appeal this court construed the statute to the effect that a defaulting defendant could not, as a matter of right, be called for cross-examination by virtue of the statute. In this case the plaintiff was permitted as a matter of right to call a defaulting defendant, and he was examined under the statute; and in this respect it differs from the case cited. Nevertheless, we are of the opinion that the plaintiff did

not have the strict legal right to so call such defendant, and that the ruling of the trial court was at least a technical error.

The question then is: Was the error prejudicial to the substantial rights of the defendant, and therefore reversible error? The object of the statute is to enable a party to an action to call his adversary as a witness, and obtain, if he can, from him evidence favorable to his own side of the case, without being bound by the testimony if it proves to be adverse, and in so doing to give the party so calling for such examination the advantage of a cross-examination of a witness called by himself without appealing to the discretion of the court.

The evidence shows that all the evidence elicited on the examination of the defendant Bernick was only such as would have been proper and might have been obtained if he had been called as the plaintiff's own witness. There was no attempt made by the plaintiff to discredit or contradict the witness, by asking disparaging questions or otherwise, nor claim by the plaintiff that she was not bound thereby; hence the only possible ground for claiming that the ruling of the court was prejudicial is that it gave the plaintiff an opportunity to ask leading questions. The record shows that the testimony of the defendant Bernick and the manner of eliciting it are not materially different than they would have been if he had been called as plaintiff's witness. We are satisfied that the ruling of the court in question was not reversible error, and so hold.

The defendants also assign as error the ruling of the trial court in overruling their objection to evidence as to the name of the record owner of the land upon which the personal property was kept and in whose name it was assessed. It may be conceded that such evidence had no direct tendency to prove title to the personal property; but it was not improper to receive the evidence upon the question of the location and possession of the personal property. But, were it otherwise, the ruling would not be ground for a new trial, in view of the fact that the cause was tried by the court without a jury. See Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202.

2. The serious question in this case is whether the findings of fact as to the ownership of the property are sustained by the evidence. It is the contention of the appellants in this connection that the evidence conclusively establishes that Bernick, the mortgagor, had no interest

in the property which he mortgaged. We have examined the record with particular reference to this claim, and have reached the conclusion that the findings of fact are sustained by the evidence, within the rule applicable to such cases.

Order affirmed.