## SMITH & NIXON PIANO COMPANY v. MRS. GEORGE LY-DICK.[1]

February 4, 1910.

Nos. 16,406—(192).

**Adverse Witness — Harmless Error.**

Defendant called for cross-examination under the statute a witness he was not entitled to so examine. *Held*, in view of the limited extent to which the examination was carried and the nature of the testimony brought out, without prejudice, following Bernick v. McClure, 107 Minn. 9.

**Promissory Note — Verdict Sustained By Evidence.**

Evidence *held* sufficient to sustain a verdict to the effect (a) that plaintiff did not become the owner of the notes in suit before maturity; (b) that the contract between the payee of the notes and defendant, the sole consideration for the notes, was by mutual consent rescinded, and a new one entered into to take its place; (c) that the new contract was never performed by the payee; and (d) that the payee ratified the act of the agent in rescinding the original contract.

**No Reversible Error.**

Record examined, and *held* to present no reversible error.

Action in the district court for Cass county to recover $225 on nine promissory notes. The substance of the pleadings is stated in

[1]Reported in 124 N. W. 637.

the opinion. The case was tried before McClenahan, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*John Ott,* for appellant.

*T. P. Wormward,* for respondent.

BROWN, J.

Victor E. Segerstrom was engaged at Minneapolis, this state, under the name of the Segerstrom Piano Company, in the sale of musical instruments, and carried in stock pianos manufactured by plaintiff, a corporation doing business in the state of Ohio. Fred W. Segerstrom, as agent and representative of the Segerstrom Piano Company, in December, 1906, sold a Smith & Nixon piano to defendant for the sum of $550. In part payment therefor defendant made and delivered the promissory notes here in suit, payable to V. E. Segerstrom. The complaint alleges, in the usual form, the making and delivery of the notes, and that before maturity, for a valuable consideration, they were by Segerstrom indorsed, transferred, and delivered to plaintiff.

The answer, in addition to a general denial, set up that the notes were given to Segerstrom in payment for the piano mentioned, and that there was no other consideration therefor. It further alleges that at the time the contract of purchase was entered into, and as a part of the transaction, the payee in the notes, through his agent and representative, Fred W. Segerstrom, represented and warranted that the piano was of the highest grade, that it was constructed of the best material, and that it would be, when delivered to defendant, in first-class condition, and subject to her approval. It further alleges that a piano was delivered to defendant in pursuance of the contract, but not of the class or kind contracted for; that it was of an inferior quality, badly damaged, and worthless, and of no value whatever. She made complaint to Segerstrom of the condition of the piano delivered to her, and he attempted unsuccessfully to repair the instrument. Later the parties entered into a new contract, by which, by mutual consent, the former contract was rescinded, and

Segerstrom agreed to take back the piano already delivered to defendant and furnish her a new one to correspond in all particulars with the one agreed to be delivered under the first contract. In compliance with this new agreement, defendant returned the piano to Segerstrom, which he accepted and received, but has at all times refused to deliver to her a new one as agreed. She also alleges that at the time of the original transaction she paid to Segerstrom for the piano the sum of $350 in cash, or its equivalent, in addition to the notes here in suit.

The reply admits the first contract, but denies that it was ever rescinded, by mutual consent of the parties, or otherwise, or that Segerstrom ever undertook or agreed to replace the piano with a new one. It admits the sale of the piano, and that the notes in suit were given in part payment of the purchase price therefor.

Upon the issues thus framed the cause went to trial, and a verdict was returned for defendant. Plaintiff appealed from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

1. At the opening of defendant's case on the trial below, Victor E. Segerstrom was called as a witness for cross-examination under the statute. To this plaintiff objected, on the ground that Segerstrom was not a party to the action, nor an agent of plaintiff, and could not properly be thus called for examination. The court made no ruling at the time the objection was made, but permitted the examination to proceed far enough to develop the fact that Segerstrom was not an agent of plaintiff and that defendant had no right to call him under the statute, and then sustained the objection and the examination ceased. Though the witness gave some testimony other than such as tended to show his relationship to plaintiff, it was very short, not particularly important, and the fact that it was brought out in this manner was without prejudice. Bernick v. McClure, 107 Minn. 9, 119 N. W. 247.

2. The piano was sold to defendant by Fred W. Segerstrom, as already stated, who was the agent of his brother, Victor E. Segerstrom, and it was through him that the contract was rescinded, if rescinded at all, and a new one agreed upon. Plaintiff contends

that the agent had no authority to rescind the original contract, and that his act in so doing was not binding upon his principal. It may, for the purpose of the case, be conceded that the agent exceeded his authority in this respect; but the evidence tends to show, and was sufficient to justify the jury in finding, that the principal acquiesced in and ratified the new contract so made. The first piano was returned to him, and he undertook to repair it and make it conform to the terms of the original contract, and it appears that he was informed before its return of the new agreement made by his agent, and stated to defendant that he would "stand by" whatever his agent agreed to do in the matter. This was sufficient to justify the jury in finding an acquiescence of the principal in the act of the agent, and, though unauthorized, it was thereby confirmed and made binding upon the principal.

3. It is contended that the court below erred in admitting certain evidence tending to show that the notes in suit were not transferred to plaintiff before maturity. This claim is based mainly upon the theory that the fact that plaintiff became the owner of the notes for value and before maturity was admitted by the answer, and therefore not an issue in the case. This position is not sound. Plaintiff alleged in the complaint that the notes were transferred before maturity, and the general denial in the answer put that allegation in issue. There was no express admission of the fact of transfer, and plaintiff's theory that a transfer before maturity was admitted is based largely upon section 4730, R. L. 1905, wherein it is provided that, in an action brought upon a promissory note, the possession of the note by the plaintiff shall be evidence that it was executed by the person by whom it purports to be executed. This statute is merely a rule of evidence, not of pleading, and in cases founded upon promissory notes, or other negotiable instruments, the production of the note on trial is prima facie evidence that it was executed by the defendant in the action. Here the pleadings squarely raised the issue of plaintiff's title and whether the transfer to him was before maturity, and the evidence referred to was properly received. The production of the notes on the trial made a prima

facie case of plaintiff's bona fide ownership, but it was not conclusive.

4. It is also claimed that the court erred in denying plaintiff's motion for judgment notwithstanding the verdict. This raises the question of the sufficiency of the evidence to establish the defense pleaded. A careful consideration of the record leads to the conclusion that the several questions presented by the pleadings and evidence were properly submitted to the jury. The evidence tends to show that, in settlement and adjustment of the controversy between the parties relative to the first contract and the piano furnished thereunder, they abandoned or rescinded that contract, and Segerstrom agreed to furnish defendant with a new instrument. The evidence tends also to show that no new piano was ever delivered to defendant, as provided by this agreement. Such being the case, there was a failure of consideration, and that fact was available to defendant as a defense, unless plaintiff was a bona fide purchaser of the notes before maturity. There is evidence in the record sufficient to sustain the finding of the jury that the notes were not transferred until after they were due, and their verdict, having been approved by the trial court, cannot be disturbed.

A second piano was shipped to defendant, which she refused to accept. Complaint is made by plaintiff because defendant did not examine the same before rejection. Her failure to examine the instrument is not conclusive against her. It appears that the old instrument, and not a new one, was shipped after the same had been repaired. Her contract called for a new piano, and she was not required to accept back the old one, even though it had been repaired. If a new piano had been sent to her, and she had refused to receive it, she would have had no defense to this action; but such is not the case.

5. The other assignments of error do not require special mention. They relate to rulings of the court on the admission and rejection of evidence, and alleged errors in the instruction of the court to the jury, and present no serious or important question. We have considered them all, and discover no reversible error.

Order affirmed.