## D. W. MOORE v. ST. PAUL CITY RAILWAY COMPANY.[1]

### April 13, 1917.

### Nos. 20,165—(21).[2]

**Cross-examination of adverse party — motorman of street car.**

1. The motorman of a street car is not a managing agent of the company within the meaning of the statute which authorizes an adverse party to call a managing agent of a corporation for cross-examination.

**Contributory negligence — dismissal of action.**

2. The evidence of plaintiff shows that the driver of the injured team was guilty of contributory negligence, and the action was properly dismissed upon that ground.

Action in the district court for Ramsey county to recover $434 for injury to plaintiff's property occasioned by a collision with a street car of defendant operated in violation of Ordinance 1652 of the city of St. Paul regulating the speed of such cars. The answer alleged that the injury was caused by the negligence of the driver of plaintiff's team. The case was tried before Michael, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*W. D. Dwyer,* for respondent.

TAYLOR, C.

On the evening of October 13, 1915, one of defendant's street cars, proceeding west along University avenue in the city of St. Paul, collided with a team and wagon, belonging to plaintiff and driven by one Schind-

[1] Reported in 162 N. W. 298.
[2] April, 1917, term calendar.

ler, which was proceeding east along the same street. Plaintiff brought suit for the damage to the team and wagon. At the close of plaintiff's evidence, the trial court dismissed the action on the ground that the driver of the team was guilty of contributory negligence.

Plaintiff moved for a new trial and appealed from an order denying his motion.

1. Plaintiff called the motorman of the street car as a witness, and claimed the right to cross-examine him under the statute which provides that "the directors, officers, superintendent, or managing agents of any corporation which is a party to the record, may be examined by the adverse party as if under cross-examination." [G. S. 1913, § 8377.] The trial court held that this statute did not apply to the motorman, and plaintiff urges this ruling as error. The ruling was correct. An employee whose duties are confined to the driving of a team, or of a street car, is not a managing agent of the corporation within the meaning of the statute.

2. Plaintiff insists that the evidence made a case for the jury and that the court erred in not submitting it to them. University avenue is a broad paved street, having a roadway 69 feet in width between curbs. Two street car tracks extend along the central portion of the street; the north track being used by west-bound cars and the south track by east-bound cars. The accident happened as it was growing dusk. The street car had its headlight lighted, and had been plainly visible for a considerable time before the driver turned his team upon the street-car track. The team, a heavy work team, was proceeding at a walk along the south side of University avenue. The driver intended to turn north upon the cross street which he was approaching. Before reaching the cross street, he turned the team, still proceeding at a walk, toward the street-car tracks, crossed the south track and reached the north track along which the car was coming toward him. At the time of the collision, the team was in such position that the end of the wagon tongue struck the front of the street car and punched a hole in it. Whether the team was then proceeding directly east along the north track as stated by one of plaintiff's witnesses, or was attempting to cross the track as indicated by the testimony of his other witness upon this point is not important. The street was unobstructed and the rapidly approaching car plainly visible.

The driver, with the entire roadway open to him, not only violated the law of the road, but unnecessarily and carelessly placed his team where a collision was inevitable unless the motorman of the street car averted it by exercising far greater care than he himself was exercising. The evidence clearly establishes that the driver was guilty of contributory negligence, and the action of the trial court was correct. Carlson v. Duluth Street Ry. Co. 111 Minn. 244, 126 N. W. 825.

Order affirmed.