## C. P. MAY, AS ADMINISTRATOR OF THE ESTATE OF FRED MASCHKE, DECEASED v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 10, 1920.

No. 21,967.

**Railway—no negligence of station agent or of engineer—speeder on track.**

1. The plaintiff's intestate, an employee of the defendant, was run over and killed in the nighttime by a train of the defendant, when he was lying on his speeder some two or three miles from a station. The station agent had been told between two and three hours before the train left the station that a speeder was then on the track. He did not tell the trainmen. It is *held*, under the facts stated in the opinion, that the station agent was not negligent in failing to notify the trainmen, and that the engineer, in whatever he did at the time of the accident, was not negligent.

**Witness—cross-examination of locomotive engineer not within statute.**

2. Under G. S. 1913, § 8377, an engineer, charged at the time of such an accident with the duty of driving his engine, cannot be called for cross-examination under the statute.

Action in the district court for Big Stone county to recover $40,000 for the death of plaintiff's intestate while in defendant's employ. The case was tried before Flaherty, J., who granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Tom Davis, Ernest A. Michel* and *Ray Farrington,* for appellant.

*F. W. Root* and *C. W. Wright,* for respondent.

DIBELL, J.

Action for personal injuries. The court directed a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

[1] Reported in 180 N. W. 218.

1. Fred Maschke, the plaintiff's intestate, was in the employ of the defendant railway company. He had general charge of the pumps along its line. He used a small gasolene car referred to in the evidence as a speeder. On October 28, 1918, about 11:30 p. m. he was run over and killed by a southbound train of the defendant some two and one-half miles south of Dumont on the line between Ortonville, Minnesota, and Wahpeton, North Dakota.

It is fairly clear that on the morning of the day of the accident the decedent started north from Ortonville to do work at Wahpeton. In view of the conclusion we reach upon a question decisive of the case it is unnecessary to follow his movements in detail. It is sufficient to say that about 8:30 in the evening a young man and some companions going north from Collis, the station south, to Dumont, stumbled upon the car in the dark. They did not see anyone upon or about it. They continued on to Dumont and told the agent that there was a car on the track with apparently a coat or blanket upon it, and suggested that he notify the trainmen. He did not do so.

A speeder, such as the deceased was using, is easily taken from the track. Speeders are used by different railway employees, such as bridgemen and linemen. Those in charge of them look out for trains. There had been wire trouble along the line and linemen had been at work nights attending to it. The train did not leave Dumont for two and one-half or three hours after the young man saw the car at the place where the accident afterward occurred.

It is claimed that there was evidence for the jury that the station agent was negligent in not informing the trainmen of the presence of the speeder, and that the engineer did not use due care at the time of the accident.

The station agent was not told that there was a man on the car. The young man had seen no one on or near it. The natural inference, if any, was that the car was unattended so far as could be seen. There was nothing to suggest to the station agent that anyone was in danger or that the speeder would not be taken care of in the usual way before the train came along two or three hours later. He was not negligent.

The engineer was on the lookout. He saw first a shadow and then the

outline of the speeder. He says that he whistled and at once applied the emergency. The evidence is very convincing that he whistled just as he said he did. There was negative testimony of witnesses who did not hear. It would hardly justify a finding that the whistle was not sounded. Plachetko v. Chicago, B. & Q. R. Co. 139 Minn. 278, 166 N. W. 338. The engineer says that he did not see anyone upon the speeder. There was testimony, which he denied, that at an investigation by the company he said that he noticed a man on the speeder at a distance of 500 feet. The man on the speeder was apparently on the fireman's side, cut off from the view of the engineer on near approach, and was lying down. It is claimed that the engineer should have renewed whistling. The engineer was confronted with an emergency. When such an emergency comes, and an accident results, it is easy to urge that something different from or additional to what was done should have been done. Upon a consideration of all the evidence we are of the opinion that a jury could not be permitted to say that the engineer did not observe due care.

The trial court, upon a careful review of the evidence upon the motion for a new trial, was of the view that neither the station agent nor the engineer was negligent. Our independent consideration of the record, aided by the arguments and briefs of counsel, leads to a like result.

2. The engineer was called for cross-examination under the statute and the objection of the defendant was sustained.

The statute provides for calling as for cross-examination "the directors, officers, superintendent, or managing agents of any corporation," etc. G. S. 1913, § 8377. An engineer charged with no other duty than that of driving his engine in the usual way is not within the statute. Moore v. St. Paul City Ry. Co. 136 Minn. 315, 162 N. W. 298.

Order affirmed.