## STATE v. EMIL WIESE.[1]

November 14, 1924.

No. 24,347.

**Amendment of complaint without prejudice.**

1. There was no error in permitting the amendment, at the trial, of the complaint, in a bastardy proceeding, by adding a formal allegation that the child in question was illegitimate. No prejudice could have resulted to defendant.

**Verdict sustained—new trial denied.**

2. There was ample evidence to sustain the verdict. The newly discovered evidence urged as ground for a new trial was corroborative and cumulative. There was no abuse of discretion in denying a new trial.

Defendant was charged with the paternity of an illegitimate child, tried in the district court for Le Sueur county before Tifft, J., and a jury which found him guilty as charged. From an order

[1]Reported in 200 N. W. 746.

denying his motion for a new trial, defendant appealed. Affirmed.

*Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, and *L. W. Prendergast,* County Attorney, for respondent.

STONE, J.

The jury found defendant to be the father of the illegitimate child of the prosecutrix. The appeal is from the order denying defendant's motion for new trial. At the trial, before any testimony was taken, formal objection was made to the complaint because of its failure to aver, other than by implication, that defendant and the prosecutrix were unmarried and the child illegitimate. Over the objection of defendant an appropriate amendment was allowed. There is no claim that defendant was prejudiced. It follows that there was no error in allowing the amendment. In this connection some complaint is made about what took place at defendant's preliminary hearing before a justice of the peace. It does not appear that defendant then made any objection. Anyway, the proceedings had before the justice of the peace are not now under review.

There is ample evidence to sustain the verdict. There is no occasion for discussing the facts—the less said about them the better. There were some circumstances which might be considered as discrediting the testimony of the complaining witness. As much can be said against that of the defendant. In a material matter, his denial of his engagement to marry the complainant, he was impeached by his own letters. It was a question of veracity. The issue of fact was for the jury. It goes without saying that in such a case the verdict should stand.

The defense was the usual general denial, supported by an attempted alibi. The alleged newly discovered evidence, urged as ground for a new trial, tended to strengthen the alibi. It was comulative and corroborative and nothing more. The denial of a new trial was clearly within the discretion of the learned trial judge. The manner of its exercise has our cordial approval.

Order affirmed.