## WILLIAM H. COWING v. GEORGE D. COWING.[1]

January 23, 1925.

No. 24,337.

**Objection to charge to jury not considered.**

Where no requests to charge were made and no exception was taken to charge made, an objection first made on motion for new trial that there were no instructions respecting the presumption that services rendered by one member of a family for another are performed gratuitously, comes too late. [Reporter.]

Action in the district court for Martin county. The case was tried before Dean, J., and a jury which returned a verdict for $200. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Allen & Allen,* for appellant.

*Haycraft & McCune,* for respondent.

PER CURIAM.

In his complaint plaintiff alleges an express contract for work and labor performed as a farm hand at a specified wage, also alleges the reasonable worth and value of such services. There is a second cause of action set forth, for groceries and other eatables furnished to defendant's household with his knowledge and acquiescence. The answer is a general denial.

There is ample evidence in the record to warrant a verdict either way, upon either cause of action. It is not contended but what plaintiff was at defendant's farm for a year and that he performed a certain amount of different kinds of work, nor is it denied but what he furnished a certain amount of groceries and eatables. These matters were gone into on the trial, almost without limit as to the range of the proofs. There was a verdict of $200 in favor of plaintiff.

The only assignment of error, relied upon by appellant, relates to the charge of the court. No requests to charge were made, and no exceptions were taken to the charge given. The jury was bound to accept the law as given them by the court and, by not objecting to the charge, the defendant consented that the issues be determined in accordance with the law as given in the charge. Dunnell, Minn. Dig. § 9792. The jury might well have been instructed, had the request been made, concerning the presumption that services performed by one member of a family for another, are rendered gratuitously, because of the family relation, and

[1]Reported in 201 N. W. 936.

without expectation of, or agreement for, compensation in money.  No request' was made for such instruction.  An objection to a charge, made for the first time on a motion for a new trial, under such circumstances, comes too late.  Dunnell, Minn. Dig. § 9798.

Affirmed.