## C. P. CARLSON v. S. P. LESSELYOUNG.[1]

June 19, 1925.

No. 24,677.

**Verdict sustained.**

1. In action for salary evidence did not require trial court to set aside verdict for plaintiff and grant new trial. [Reporter.]

**Amendments to complaint.**

2. Trial court should freely permit amendments to complaint to conform to the proof. [Reporter.]

Action in the district court for Hennepin county. The case was tried before Bardwell, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*W. H. McDonald,* for appellant.

*D. W. George,* for respondent.

PER CURIAM.

This action was brought to recover compensation for services rendered by the plaintiff to the defendant during a portion of the years 1922 and 1923. Two issues of fact were made by the pleadings and litigated at the trial. The first related to the period of service, and the second to the agreement as to the amount of compensation. The jury returned a verdict in plaintiff's favor for the full amount of his claim, and defendant appealed from an order denying his motion for a new trial.

The defendant contends that the verdict is not justified by the evidence, is excessive, and appears to have been rendered under the influence of passion and prejudice. No useful purpose would be served by discussing the evidence. An attentive examination of the record has satisfied us that the jury might find that the terms of employment, the compensation to be paid, and the time of actual service, were as claimed by plaintiff, and that the trial court was not required, in the exercise of judicial discretion, to set the verdict aside and grant a new trial.

A minor point raised is that the court erred in permitting plaintiff to amend his complaint to conform to the proof. It need not be discussed. It is well settled that trial courts not only may, but should, freely permit

[1]Reported in 204 N. W. 326.

such amendments in order that there may be an end to litigation without putting the parties to needless expense.

Order affirmed.