# FLORENCE E. McCABE v. DULUTH STREET RAILWAY COMPANY.[1]

June 22, 1928.

No. 26,751.

**Verdict under the Wisconsin law for $10,550 not excessive.**

1. A verdict for $10,550 for death, and for pain and suffering and medical expenses, under the Wisconsin law, which allows a maximum recovery of $10,000 for death and, in addition thereto, a reasonable amount for pain and suffering and recovery of necessary expenses for medical treatment and nursing, *held* not excessive, where the deceased was 38 years of age, in good health, and regularly employed at a salary of $160 a month, and left a surviving spouse dependent on him, decedent having survived a little over a day after his injury and the medical expenses amounting to $50.

**Evidence proved negligence of defendant's servant caused the injury.**

2. The evidence sufficiently sustains the finding by the jury that defendant's servant was negligent and thereby caused the injury.

**Rule in Steinbauer case applicable to errors assigned as to the charge to jury.**

3. Errors assigned as to the charge of the court are *held* to come within the rule of Steinbauer v. Stone, 85 Minn. 274, and the later cases applying that rule.

**Whether Wisconsin statute respecting street traffic is constitutional not decided.**

4. This court cannot say, upon the record here presented, that the Wisconsin statute [St. 1927, § 85.14] requiring street cars to stop upon the approach of fire apparatus responding to a fire alarm call is unreasonable or unconstitutional, nor that it was error to include such statute in the charge of the court.

Appeal and Error, 3 C. J. p. 919 n. 34.
Death, 17 C. J. p. 1350 n. 7.
Street Railroads, 36 Cyc. p. 1458 n. 34; p. 1602 n. 20; p. 1632 n. 80.

See note in L. R. A. 1916C, 831; 48 A. L. R. 817.

[1] Reported in 220 N. W. 162.

Action in the district court for St. Louis county by the plaintiff as administratrix to recover damages for the death of her husband, Leo P. McCabe. There was a verdict of $11,547 for plaintiff, and defendant appealed from an order, Fesler, J. denying its motion for a new trial upon plaintiff's consent, duly filed, to a reduction of the verdict to $10,550. Affirmed.

*G. A. E. Finlayson,* for appellant.
*Leonard McHugh,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying its motion for a new trial on condition that plaintiff consent to a reduction of the verdict.

Action by plaintiff as administratrix to recover damages for the death of Leo P. McCabe, claimed to have been caused by negligence on the part of defendant's servant. The accident happened on May 31, 1926, at Superior, Wisconsin. Defendant owns and operates a street railway in the city of Superior. Decedent was a fireman in the employ of that city. He was riding on a fire truck, responding to a fire alarm. The truck collided with one of defendant's street cars at a street intersection, and McCabe was thereby so injured that he died the next morning. The jury returned a verdict for plaintiff.

Defendant assigns errors on three grounds: That the court erred in denying the motion for a new trial on the ground of excessive damages, appearing to have been given under the influence of passion and prejudice; that it erred in denying such motion on the ground that the verdict is not justified by the evidence and is contrary to law; and that there were errors in the charge and the court erred in not granting a new trial on that ground.

1. The Wisconsin laws govern the action. Under those laws, as construed by the Wisconsin supreme court, the personal representative of a deceased person may recover in such a case not to exceed $10,000 for wrongful death and, in addition thereto, a reasonable amount for decedent's pain and suffering and the reasonable expenses for medical and hospital treatment. The amount of the

verdict was $11,547. The court in its charge instructed the jurors that in case they found plaintiff entitled to recover she should be allowed, in addition to damages for the death and for pain and suffering, the sum of $547 for medical attention, nursing and funeral expenses. The medical and hospital expenses amounted to $50 and funeral expenses to $497. The Wisconsin court however has held that funeral expenses are not recoverable, and in a well considered case has held that recovery for pain and suffering, under circumstances as here shown, should not exceed $500. This court might reach a different conclusion as to the amount recoverable for pain and suffering. The trial court, on motion for a new trial, concluded to and did reduce the verdict to $10,550, thus deducting the funeral expenses and what the court assumed was above $500 for pain and suffering.

The deceased was 38 years of age, had been a member of the fire department over eight years, was sober and industrious, in good health, and was earning $160 a month. He left him surviving this plaintiff, his widow. They were married in 1922.

It is suggested that the court, in reducing the verdict, could not know how much the jury had allowed for pain and suffering; that for all that appears the jury may have allowed several thousand dollars on that ground, and hence the verdict remains excessive. We are not greatly concerned with the method or reasoning used in reducing the verdict. Finding the verdict as reduced such as the jury might reasonably return and no indications of passion or prejudice being shown in the record, we hold that the verdict as returned by the jury was not so excessive, if excessive at all, as to indicate passion or prejudice on the part of the jury or to justify this court in disturbing it on that ground.

2. It is urged that the verdict is not sustained by the evidence and is contrary to law.

The statute of Wisconsin [St. 1927, § 85.14] provides that the motorman of any street car shall immediately stop his car upon the approach of any fire apparatus responding to a fire alarm call, and shall keep the car stationary until it has passed.

The fire truck coming from the north and the street car coming from the west approached the street intersection. The street car apparently reached the intersection slightly before the fire truck. There was a building on the northwest corner of the intersection which obstructed the view of both drivers until they came even with the building line or sidewalk line. There is evidence that a siren or bell was being continuously sounded on the fire truck. Passengers on the street car and other persons near this intersection testified, some to hearing the siren or bell of the fire truck some length of time before the collision, others that they did not hear the alarm from the fire truck until the street car was near or at the intersection. The motorman operating the street car testified that he did not see or hear the fire truck until the front end of the street car was out in the intersection, near the center thereof; that he did not attempt to stop the street car but increased the speed; that he could not stop without blocking the street and thought the only thing he could do was to pull across and clear the street for the fire truck; that the street car was going ten miles an hour. The driver of the fire truck attempted to turn to the east, the way the street car was going, to avoid striking it, but did not succeed in turning far enough, and the collision took place east of the center of the intersection or near the center thereof.

The question of the negligence of the motorman was a fact issue for the jury, and the evidence sufficiently sustains its finding thereon.

3. The court in its charge stated to the jury the Wisconsin statute above noted, requiring street cars to stop on the approach of fire apparatus, and in reference thereto charged:

"If you find from the evidence that the fire truck * * * was responding to a fire alarm call, and that the siren or bell upon said fire truck was being sounded * * * , and that the motorman of the street car ought to have heard said siren or bell for a sufficient length of time, before reaching John avenue, to stop his car at a place out of line with the path of the fire truck, if he had used every facility at his command, then the motorman violated the law, and the defendant was negligent."

The court then charged that, if the jury found that the motorman did not and ought not to have heard the siren or bell until he got into the path of the fire truck or so near it that he could not, using every facility at his command, stop the car before getting into the path of the fire truck, then it was not his duty to stop.

Errors are assigned upon the giving to the jury this Wisconsin statute and the parts of the charge just noted. The parts of the charge excepted to, other than the Wisconsin statute, may not have been strictly correct. The court in its general charge gave a correct definition of negligence, and clearly instructed the jury that plaintiff had the burden of proof and could recover only in case the jury found that defendant's motorman was negligent and that his negligence was the proximate cause of the injury to and death of McCabe. In its memorandum, attached to the order appealed from, the court states that the modification of the statutory rule in Wisconsin, so as to require the motorman to stop his car at a place out of line with the part of the fire truck instead of immediately, was made by the court at the suggestion of counsel for defendant. No exceptions were taken at the time, and the attention of the court was not called to any omission or inaccuracy in the charge. The errors complained of, other than upon the Wisconsin statute, were such as should have been called to the attention of the court. Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537, and cases there cited.

4. The giving to the jury of the Wisconsin statute as part of the charge is challenged on the ground that it is unreasonable and unconstitutional, or should be given only with reasonable modification and explanation. The statute is brief. It is but one section of what we may assume to be a larger body of statutory laws of that state. We may assume also that the common law, as enunciated in the decisions of the courts of that state, governing questions of negligence, was in force at the time the statute was enacted. Construed in the light of and in harmony with these other laws of that state, it may well be both reasonable and constitutional. Our attention has not been called to any constitutional provision or any decision of that state under which we could say the law is invalid.

The court did give some explanation as to the application to be made of the law, and there was no request for any further charge in that respect.

Order affirmed.