## THE D. M. GILMORE COMPANY v. DOUGLAS COUNTY HOSPITAL ASSOCIATION.[1]

October 7, 1932.

No. 29,010.

[1]Reported in 244 N. W. 557.

*David R. Thomas* and *Leach & Swore,* for appellant.
*Dell & Dell,* for respondent.

HILTON, J.

Plaintiff's action was for the recovery of $400, interest and costs. The jury returned a verdict for defendant. A motion for an order vacating and setting aside the verdict, granting the plaintiff judgment notwithstanding the verdict, or, in case of a denial thereof, for the granting of a new trial, was made upon the following grounds:

"(a)   Errors of law occurring during the trial and duly objected or excepted to by plaintiff;

"(b)   That said verdict is not supported by and is contrary to the evidence adduced;

"(c)   That said verdict was rendered by reason and as the result of passion and prejudice against plaintiff."

The motion was denied, judgment entered, and plaintiff appealed from that judgment.

We need only consider assignments (a) and (b). On the appeal 32 assignments of error appear, many of them having to do with the overruling of plaintiff's objections to the introduction of certain testimony. To all but six of such rulings no exceptions were taken at the trial nor assigned in the motion for a new trial, and are not reviewable here. G. S. 1923 (2 Mason, 1927) § 9325; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 388a; 5 Dunnell, Minn. Dig. (2 ed. &

Supp.) § 7091, and cases cited. None of said six rulings are consequential or furnish any ground for reversal.

Prior to the trial defendant was allowed to amend its answer. At the close of the evidence defendant was permitted to amend that answer so as to make it conform to the evidence. Plaintiff complains of the granting of these motions. The second amendment simply amplified certain portions of the first amended answer and raised no new issue. The court in granting the motion stated:

"I presume the purpose of a lawsuit is to end controversies, and I think that the granting of a further amendment so as to have the answer conform to the proof will accomplish that. It is not taking anybody by surprise. It is not imposing any hardship because all of the witnesses are here and have knowledge of the testimony that has gone in, and if additional evidence is desired I shall open the case again for that."

After a recess, taken until the following morning, no further testimony was offered by either side. The granting of amendments of pleading during a trial is well within the discretion of the trial court, and its action will not be reversed on appeal except for a clear abuse of discretion. Garedpy v. C. M. St. P. & P. R. Co. 176 Minn. 331, 223 N. W. 605; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 7696, 7697. There was no such abuse, and plaintiff was in no way prejudiced.

A statement of the facts in the case manifestly is not necessary. We have examined with care the entire record and have considered the written and oral arguments of counsel and given attention thereto. The verdict was amply sustained by the evidence, and there are no reversible errors.

Judgment affirmed.