WILLIAM H. ALSLEBEN v. OLIVER CORPORATION AND OTHERS.

94 N. W. (2d) 354.

January 16, 1959—No. 37,530.

*Culhane & Culhane,* for appellant.
*Edward J. Gavin,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion for a new trial.

Questions arise as to: (1) Plaintiff's right to cross-examine a defendant in default as an adverse witness under Rule 43.02 of Rules of Civil Procedure; (2) whether issue of waiver was within the pleadings; and (3) whether the evidence sustains a finding of waiver.

Defendant Oliver Corporation, herein called Oliver, is a manufacturer of tractors and other farm machinery. Defendant Ed Zarnke, doing business as Ed's Implement Company, is a retail farm implement dealer at Glencoe, Minnesota. During and prior to 1954 Zarnke displayed and sold Oliver tractors and other farm equipment. Oliver furnished Zarnke with tractors under three different types of agreement: cash, demonstrator, and sample. On April 26, 1954, Oliver delivered one of its tractors to Zarnke as a display sample according to an agreement which provided that the tractor should not be sold or encumbered without

its written consent and that, if sold in violation of the agreement, all moneys or other goods received by Zarnke from the purchaser should be the property of Oliver. The agreement further provided that a notice should be displayed with the tractor to show that it was the property of Oliver.

Zarnke, without the written consent of Oliver, sold the tractor and in part payment, as a trade-in, received from the buyer a secondhand J. I. Case tractor. Thereafter on May 19, 1954, Zarnke borrowed $3,000 from the Security State Bank of Glencoe upon a note secured by a chattel mortgage. Plaintiff, to enable Zarnke to obtain the loan, signed the note as a comaker. The chattel mortgage given to the bank listed as security, among other items, the Case tractor above mentioned. Zarnke defaulted in payment of the note and plaintiff, as comaker, was called upon for payment.

By agreement, the Case tractor was sold for $1,000 and that sum was paid to the bank. Since both plaintiff and Oliver asserted a claim to the money, the bank, instead of applying it to plaintiff's indebtedness, deposited the $1,000 with the clerk of the district court to await the outcome of this action brought by plaintiff to obtain, among other things, a judgment that neither Oliver nor Zarnke have a right to the money.

Prior to plaintiff's payment of the note, Zarnke paid Oliver $2,000 on the Oliver tractor and executed to Oliver a "shortage note" for the balance of $1,157.50.

This case was originally tried before a jury which awarded plaintiff a verdict against defendant Oliver. Upon motion of Oliver, a new trial was granted. Prior to the second trial, plaintiff's motion to join Zarnke as a defendant was granted. Zarnke interposed no answer and is in default. Trial, without a jury, resulted in a judgment for plaintiff against defendant Oliver in the amount of $1,000 and a direction to the clerk of district court to pay that sum to plaintiff. Judgment was also rendered in favor of plaintiff against defaulting defendant Zarnke in the sum of $2,000. The basis of the lower court's decision was that Oliver had by its actions waived all rights under the sample agreement under which the tractor was delivered and consequently, notwithstanding that agreement, had no right to the $1,000.

▰

■ Plaintiff, over defendant Oliver's objections, was permitted to call defendant Zarnke for cross-examination as an adverse party pursuant to Rule 43.02. This was clearly erroneous. Since Zarnke had interposed no answer, he was in default and had in fact admitted the truth of plaintiff's allegation that he was liable for the amount of the note. We stated the applicable rule in Pearson v. Bertelson, 244 Minn. 224, 230, 69 N. W. (2d) 621, 626, when we said:

"* * * A defendant who is in default upon any issue essential to plaintiff's cause ceases, as to that issue, to be a party *adverse to the plaintiff,* and upon such issue it is error to permit plaintiff to cross-examine him as an adverse party. Pursuant to the second sentence of Rule 43.02, insofar as here pertinent, a party may not call another party to an action for interrogation by leading questions and for contradiction and impeachment unless the record establishes that there is an issue between them to be tried. Where a party is in default as to any issue, the essential element of adversity between the parties as a requisite for cross-examination has disappeared as to that issue."[1]

■ There is no merit in plaintiff's contention that Zarnke could be called and cross-examined under Rule 43.02 as a "managing agent" of Oliver. Under M. S. A. 1949, § 595.03, now superseded by Rule 43.02, we have interpreted "managing agent" of an adverse party as not including insurance agents whose powers are confined to solicitation,[2] streetcar motormen,[3] and railroad engineers.[4] We have clearly indicated

---

[1]Adams v. Farmers State Bank, 176 Minn. 108, 222 N. W. 576, which arose prior to the 1949 amendment to M. S. A. 1949, § 595.03, and which involved an action for fraud, is clearly not in point. As to the calling and cross-examination of the defaulting party, we said (176 Minn. 110, 222 N. W. 577):
"* * * But the action as to him being for fraud, judgment could not be entered against him without proving the cause of action alleged, and for that purpose he was properly called."
Whether in case of fraud—which is not here involved—we would apply the Adams rule under Rule 43.02 we need not now determine. See, 2 Youngquist & Blacik, Minnesota Rules Practice, p. 397.
[2]Pomerenke v. Farmers Life Ins. Co. 228 Minn. 256, 36 N. W. (2d) 703.
[3]Moore v. St. Paul City Ry. Co. 136 Minn. 315, 162 N. W. 298.
[4]May v. Chicago, M. & St. P. Ry. Co. 147 Minn. 310, 180 N. W. 218.

by our decisions that a "managing agent" of an adverse party, who may be called for cross-examination, must be an agent who is vested with powers and duties which entail some discretionary control, management, or supervision of such adverse party's business activities, policies, or employees.[5] Clearly Zarnke, although he handled and sold Oliver's products as a retail implement dealer, was not a "managing agent" of the Oliver Corporation within the meaning of Rule 43.02.

■ Although it was error to permit plaintiff to cross-examine Zarnke as an adverse party, we cannot say that the error was prejudicial so as to be inconsistent with the attainment of substantial justice. Rule 61. Its effect was only to allow plaintiff to examine Zarnke with leading questions, and these occurred before a judge and not a jury. The record demonstrates Zarnke to be a witness favorable to plaintiff, and this is understandable in view of the fact that a $1,000 judgment against Oliver reduced the amount of the judgment against Zarnke by $1,000. No evidence was elicited through leading questions which could not have been elicited had Zarnke been called as plaintiff's own witness. Improper cross-examination does not constitute reversible error unless prejudice results.[6]

■ Was it error to admit evidence of waiver over Oliver's objection that the issue of waiver was not within the issues raised by the pleadings? Was there such a material variance between the complaint and the proof that defendant Oliver was deprived of notice of the theory of plaintiff's case and was therefore prejudiced in presenting his defense? Although technical forms of pleadings are no longer required (Rule 8.05) and

---

[5]See, Garedpy v. Chicago, M. St. P. & P. R. Co. 176 Minn. 331, 223 N. W. 605; Id. 178 Minn. 620, 226 N. W. 943, certiorari denied, 281 U. S. 729, 50 S. Ct. 246, 74 L. ed. 1145.

[6]Allen v. Eneroth, 118 Minn. 476, 137 N. W. 16; Bernick v. McClure, 107 Minn. 9, 119 N. W. 247. See, also, Pomerenke v. Farmers Life Ins. Co. *supra,* where improper cross-examination of one not a managing agent was held nonprejudicial; Garedpy v. Chicago, M. St. P. & P. R. Co. 176 Minn. 331, 223 N. W. 605; Id. 178 Minn. 620, 226 N. W. 943, certiorari denied, 281 U. S. 729, 50 S. Ct. 246, 74 L. ed. 1145, where we indicated by dictum that even if the examination had been improper the record shows defendant was not prejudiced.

pleading is to be liberally construed as to do substantial justice,[7] it is still essential to bear in mind that relief cannot be based on issues that are neither pleaded nor voluntarily litigated.[8] It is true that plaintiff's complaint is very general on the issue of waiver and does not expressly use the term "waiver." In the body of the complaint it was, however, alleged that:

"* * * Ed Zarnke was indebted to the Oliver Corporation and had given the defendant, The Oliver Corporation, his promissory note representing the obligation owing to the defendant, the Oliver Corporation."

The above language reasonably put Oliver on notice that the plaintiff was proceeding on the theory that the shortage note for $1,157.50 given by Zarnke to Oliver constituted a settlement and therefore a waiver of Oliver's rights under the sample contract pursuant to which a tractor was delivered to Zarnke. It was notice to Oliver that plaintiff would contend that Oliver had abandoned or waived its rights to any property —here the J. I. Case tractor—received by Zarnke as a trade-in. It is indeed difficult to ascribe any other purpose to the foregoing allegation. Although the allegation encompassing waiver points specifically to the shortage note, it should not be given such a technical or narrow construction as to exclude from proof other conduct indicative of waiver. Rules 8.05 and 8.06. Taking the complaint as a whole, defendant Oliver must reasonably have known and anticipated that waiver was an issue to be litigated. In fact, upon the record it does not appear that Oliver was misled to its prejudice in presenting its defense. No variance between the allegations and the proof is deemed material unless it misleads the adverse party to his prejudice in presenting his defense and thereby defeats substantial justice. Rule 61. The trial court did not err in concluding that waiver was within the scope of the pleadings.

The final issue is whether the finding of waiver is sustained by the

---

[7]Rule 8.06; First Nat. Bank v. Olson, 246 Minn. 28, 74 N. W. (2d) 123; Sollar v. Oliver Iron Min. Co. 237 Minn. 170, 54 N. W. (2d) 114.

[8]Roberge v. Cambridge Co-op. Creamery Co. 243 Minn. 230, 67 N. W. (2d) 400.

evidence. Waiver is an intentional relinquishment of a known right.[9] The requisite knowledge may be actual or constructive and the intent to waive may be inferred from conduct.[10] Here, two aspects of Oliver's conduct could reasonably be construed to sustain a finding of waiver— Oliver's conduct in previously allowing sale of tractors (and tractors taken in trade) shipped under the "sample agreement" here involved; or Oliver's conduct in accepting partial payment of the Oliver tractor and a "shortage note" for the balance.

The evidence is clear that no signs were ever placed on machinery sent under sample agreements. Nor, does it appear that Oliver representatives ever took exception to Zarnke's practice of not posting such signs. In fact, the evidence is practically undisputed that sales of tractors had previously been allowed by Oliver without its written consent notwithstanding that they had been sent to Zarnke under a sample agreement. Zarnke testified as follows:

"Q. (tr. 18) Mr. Zarnke, you are familiar with that sample agreement that you signed whenever you received a tractor from The Oliver Corporation for sale?

\* \* \* \* \*

"A. Yes.

"Q. Every time you got a tractor you had to sign one of these agreements, is that right?

"A. That's right.

\* \* \* \* \*

"Q. \* \* \* Now, you had received these tractors from The Oliver Corporation for sale, is that right, sir?

"A. That's right.

"Q. Did any officer or agent or field man of The Oliver Corporation supervise you in the sale of these tractors?

"A. No.

"Q. You could sell them to whom you pleased, is that right?

\* \* \* \* \*

---

[9]Smith v. Smith, 235 Minn. 412, 51 N. W. (2d) 276, 32 A. L. R. (2d) 1135.

[10]Seavey v. Erickson, 244 Minn. 232, 69 N. W. (2d) 889, 52 A. L. R. (2d) 1144; 92 C. J. S., Waiver, p. 1043.

204

"A.   Yes, sir."

From the conduct of the parties, the trial court could reasonably infer that the terms of the sample agreement were normally waived and were asserted by Oliver in the instant case because payment was not promptly forthcoming. Taking the evidence as a whole, including not only the conduct of the parties under prior sample transactions but also Oliver's acceptance of part payment and a "shortage note," the trial court's finding of a waiver is sustained.

The order of the trial court is affirmed.

Affirmed.